IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MELISSA NOWLIN, | |
| Plaintiff, | Civil Action File No. |
| vs. | Jury Trial Demanded |
| GEORGIA LUXURY AUTOMOTIVE, INC., | |
| Defendant | |

# COMPLAINT

Plaintiff Melissa Nowlin ("Ms. Nowlin"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 7, brings this Complaint against Defendant Georgia Luxury Automotive, Inc. ("Georgia Luxury") and shows the Court as follows:

### INTRODUCTION

1.

This is an FLSA case. Plaintiff brings this action because Defendant Georgia Luxury, a used car dealership and collision and repair service center, misclassified

her position as exempt from the overtime pay provisions of the FLSA and, therefore, failed to pay her the overtime that she earned.

## JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U.S.C. § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Georgia Luxury is located in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

4.

Plaintiff Nowlin resides in Paulding County, Georgia.

5.

At all times material hereto, Ms. Nowlin was an "employee" of Georgia Luxury as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

6.

Georgia Luxury is a Domestic for Profit Corporation organized in the State of Georgia.

7.

At all times material hereto, Georgia Luxury has been an "employer" of Ms. Nowlin as defined in FLSA § 3(d), 29 U.S.C. §203(d).

8.

Georgia Luxury is subject to the personal jurisdiction of this Court.

9.

Georgia Luxury may be served with process through its registered agent "Zack" Hossein Kafaei, at 2972 Ask Kay Drive, Smyrna, Georgia 30082.

**JURISDICTION**

10.

During the period from January 25, 2016 until June 24, 2016 ("the relevant time period"), two or more employees of Georgia Luxury, including Ms. Nowlin, used the following instrumentalities of commerce in the performance of its commercial purposes: U.S. Mail, interstate phone service, interstate computer networks, and interstate banking services.

11.

During the relevant time period, two or more employees of Georgia Luxury, including Ms. Nowlin, used or handled the following items that moved in interstate commerce that are necessary for performing its commercial purpose: computers, paper, office furniture, telephones, office supplies, gasoline, vehicles, and car parts.

12.

During the relevant time period, Ms. Nowlin was "engaged in commerce" as an employee of Georgia Luxury as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

13.

During 2016, Georgia Luxury had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

14.

During 2016, Georgia Luxury had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

15.

During 2016, Georgia Luxury had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

16.

During the relevant time period, Georgia Luxury has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

17.

During the relevant time period, Georgia Luxury was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

## FACTUAL ALLEGATIONS

18.

At all times relevant hereto, Georgia Luxury was in the business of selling used vehicles and repairing vehicles which have been in auto accidents or otherwise requiring maintenance or service.

19.

Georgia Luxury employed Ms. Nowlin as an Administrative Assistant from January 25, 2016 until June 24, 2016.

20.

At all times material hereto, Georgia Luxury compensated Ms. Nowlin on a "salary" basis.

21.

At all times material hereto, Georgia Luxury compensated Ms. Nowlin at a rate of $700 per week.

22.

When Ms. Nowlin was absent from work for any reason, whether it be for a partial or full work day, her pay was docked.

23.

Upon hire, Georgia Luxury advised Ms. Nowlin that her regular working hours would be from 8:00 a.m. to 6:00 p.m. with a 1-hour lunch break.

24.

During the relevant time period, Ms. Nowlin regularly worked from 8:00 a.m. until 6:30 p.m. during most work days.

25.

During the relevant time period and with Defendant's actual or constructive knowledge, Ms. Nowlin's duties regularly required that she forego her usual lunch period.

26.

During the relevant time period, Ms. Nowlin was not completely relieved of all duties during her meal period.

27.

During the relevant time period, Georgia Luxury also scheduled Ms. Nowlin to work 5 hours every other Saturday.

28.

During the relevant time period, Georgia Luxury compensated Ms. Nowlin $100 for work she performed every other Saturday.

29.

Ms. Nowlin's primary duties included fielding customer calls; data entry; customer service; paying vendor invoices; reconciling vehicle folders to ensure all invoices were enclosed; checking that deductibles were met for claims; checking in, picking up and delivering car parts, and processing customer payments.

30.

During the relevant time period, on approximately 3 occasions, Georgia Luxury requested that Ms. Nowlin transport vehicles from their office in Smyrna, Georgia to a Progressive Insurance location in Marietta/Kennesaw after normal working hours.

31.

At all times relevant from January 25, 2016 through June 24, 2016, Ms. Nowlin did not perform managerial or executive tasks.

32.

During the relevant time period, Ms. Nowlin did not exercise supervisory control over any other employees.

33.

During the relevant time period, Ms. Nowlin did not have authority to hire or fire any employees on behalf of Defendants.

34.

During the relevant time period, Ms. Nowlin did not have authority to set pay rates for any employees on behalf of Defendants.

35.

During the relevant time period, Ms. Nowlin did not exercise discretion with respect to any significant business decisions on behalf of Georgia Luxury.

36.

During the relevant time period, Ms. Nowlin was required to work additional hours in excess of her regularly scheduled working hours in order to complete tasks as assigned by Defendants.

37.

During the relevant time period, Ms. Nowlin frequently worked more than her regularly-scheduled hours and worked more than forty hours in a given workweek.

38.

During the relevant time period, Georgia Luxury was aware that Ms. Nowlin frequently worked more than her regularly-scheduled hours.

39.

At all times material hereto, Ms. Nowlin was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

40.

At all times material hereto, Georgia Luxury did not employ Ms. Nowlin in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

41.

At all times material hereto, the job of Administrative Assistant did not require the possession of a four-year college degree.

42.

At all times material hereto, Ms. Nowlin did not possess a college degree.

43.

At all times material hereto, Georgia Luxury did not employ Ms. Nowlin in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

44.

At all times material hereto, Georgia Luxury did not employ Ms. Nowlin in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

45.

During the relevant time period, Georgia Luxury misclassified Ms. Nowlin as exempt from the overtime requirements of the FLSA during the Relevant Time Period.

46.

During the relevant time period, Ms. Nowlin regularly worked 50 hours during most work weeks.

47.

During the relevant time period, Georgia Luxury compensated Ms. Nowlin straight pay for all hours she worked up to 45 hours during each work week.

48.

Georgia Luxury failed to pay Ms. Nowlin the legally required overtime pay rate for any work she performed in excess of 45 hours in each work week during the relevant time period.

49.

Upon information and belief, by classifying Ms. Nowlin as exempt from the overtime pay requirements of the FLSA, Defendant has not relied on any letter ruling from the Department of Labor indicating that such practice was permitted under the FLSA.

50.

Upon information and belief, by classifying Ms. Nowlin as exempt from the overtime pay requirements of the FLSA, Defendant has not relied on any legal advice indicating that such practice was permitted under the FLSA.

# CLAIMS FOR RELIEF
## COUNT ONE

**FAILURE TO PAY OVERTIME IN VIOLATION OF 29 U.S.C. §§ 207 AND 215**

51.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

52.

At all times material hereto, Ms. Nowlin was an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

53.

During her employment with Georgia Luxury, Ms. Nowlin regularly worked in excess of forty (40) hours each week.

54.

Georgia Luxury failed to pay Ms. Nowlin at one and one half times her regular rate for work she performed in excess of forty (40) hours in any week from January 25, 2016 through June 24, 2016.

55.

Georgia Luxury willfully failed to pay Ms. Nowlin at one and one half times her regular rate for work in excess of forty (40) hours in any week from January 25, 2016 through June 24, 2016.

56.

Ms. Nowlin is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

57.

As a result of the willful underpayment of overtime compensation as alleged above, Ms. Nowlin is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

58.

As a result of the underpayment of overtime compensation as alleged above, Ms. Nowlin is entitled to her litigation costs, including her reasonable attorney's fees and costs of litigation in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff requests that this Court:

(a)   Take jurisdiction of this matter;

(b)   Issue an Order holding Defendant to be an "employer" as that term is defined under the FLSA;

(c) Grant a trial by jury as to all matters properly triable to a jury;

(d) Issue a judgment declaring that Plaintiff was covered by the overtime pay provisions of the FLSA and that Defendant has failed to comply with the requirements of the FLSA;

(e) Award Plaintiff proper payment for each overtime hour worked from January 25, 2016 until June 24, 2016, calculated at the rate of time and one half the regular hourly rate paid to Plaintiff by Defendant, and liquidated damages equaling 100% of the overtime wages due to Plaintiff, as required by the FLSA;

(f) Award Plaintiff prejudgment interest on all amounts owed;

(g) Award Plaintiff nominal damages;

(h) Award Plaintiff her reasonable attorneys' fees and costs of litigation; and

(i) Award any and such other further relief this Court deems just, equitable and proper.

Respectfully submitted this _____ day of September, 2016.

|  |  |
|---|---|
|  | DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN, LLC |
| 3100 CENTENNIAL TOWER | */S/ CHARLES R. BRIDGERS* |
| 101 MARIETTA STREET | CHARLES R. BRIDGERS |
| ATLANTA, GEORGIA 30303 | GA. BAR NO. 080791 |
| (404) 979-3171 |  |
| (404) 979-3170 (f) | *S/ MITCHELL D. BENJAMIN* |
| charlesbridgers@dcbflegal.com | MITCHELL D. BENJAMIN |
| benjamin@dcbflegal.com | GA. BAR NO. 049888 |
|  | COUNSEL FOR PLAINTIFF |