# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

MELISSA NOWLIN,

    Plaintiff,

v.

GEORGIA LUXURY AUTOMOTIVE, INC.,

    Defendant.

1:16-CV-3439-ELR

## ORDER

Presently before the Court are the parties' Consent Motion for Leave to File Settlement Agreement Under Seal (Doc. No. 7) and Consent Motion for Settlement Approval (Doc. No. 8). For the reasons set forth below, the Court's grants the parties' motion to approve their settlement agreement but denies the parties' motion to seal the settlement agreement.

In this Fair Labor Standards Act ("FLSA") action, the parties indicate that they have reached a settlement and request that the settlement agreement be filed under seal. "There is a common-law presumption that judicial records are public documents." Stalnaker v. Novar Corp., 293 F. Supp. 2d 1260, 1263 (M.D. Ala. 2003) (citing Nixon v. Warner Commn's, Inc., 435 U.S. 589, 597 (1978)).

Furthermore, there is a strong presumption of public access to FLSA settlement agreements. Nichols v. Dollar Tree Stores, Inc., No. 1:13-CV-88 WLS, 2013 WL 5933991, at *1 (M.D. Ga. Nov. 1, 2013) ("In the typical FLSA case, . . . a [sealed] settlement agreement . . . does not comport with the public's right of access to a judicial proceeding, which right is 'an essential component of our system of justice [and] instrumental in securing the integrity of the process.'") (quoting Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001)); Stalnaker v. Novar Corp., 293 F. Supp. 2d 1260, 1264 (M.D. Ala. 2003) ("Absent some compelling reason, the sealing from public scrutiny of FLSA agreements between employees and employers would thwart the public's independent interest in assuring that employees' wages are fair and thus do not endanger the national health and well-being.") (quotation omitted). Indeed, "[t]here is strong support that FLSA settlement agreements should *never* be sealed or reviewed *in camera*." Webb v. CVS Caremark Corp., No. 5:11-cv-106(CAR), 2011 WL 6743284, at *2 (M.D. Ga. Dec. 23, 2011) (emphasis added).

When determining whether to seal the settlement agreement, the Court must weigh the parties' request against the public's interest in access to the public record. See id. The parties' consent to seal the agreement does not justify the Court's sealing of it. Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1246 (M.D. Fla. 2010). In support of sealing the settlement agreement here, the parties state that that a "key

2

and material term of the Settlement is that the terms of the Settlement be kept confidential." (Doc. No. 7, ¶ 4). Without more, the Court cannot find that the litigants' request outweighs the public's right to access to the judicial record. Therefore, the Court denies the parties' request to seal the settlement agreement.

In addition, the parties jointly request that the Court review and approve their settlement agreement. The FLSA was enacted in 1938 for the purpose of "protect[ing] all covered workers from substandard wages and oppressive working conditions." Christopher v. SmithKline Beecham Corp., 132 S. Ct. 2156, 2162 (2012) (quoting Barrentine v. Arkansas-Best Freight Sys., 450 U.S. 728, 739 (1981)) (internal quotation marks omitted). Taking into account the disparity of bargaining power that often exists between employers and their employees, Congress made the FLSA's wage and hour limitations mandatory. Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 706 (1945). Thus, employers are prohibited from negotiating agreements that require employees to waive certain minimum protections provided for by the FLSA. Id.

In this Circuit, courts have acknowledged that there are "only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees." Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352–53 (11th Cir. 1982). The first exception, which is inapplicable to this case, involves actions taken by the Secretary of Labor. Id. at 1353. The second route, on the other

hand, permits the presentation of a proposed settlement agreement to a district court when an employee brings a private action for back wages pursuant to 29 U.S.C. § 216(b). If, after scrutinizing the settlement, the district court determines that it "is a fair and reasonable resolution of a bona fide dispute of FLSA provisions[,]" the court may enter a stipulated judgment. Id. at 1355. In this context—when the employees are represented by counsel—there is some assurance that the employees' rights under the statute will be protected, and "the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching." Id. at 1354. To that end, the Court notes that Plaintiff is represented by counsel in the present action.

After reviewing the parties' consent motion, the Court finds there is a bona fide dispute regarding claims arising under the FLSA, and the proposed settlement agreement submitted by the parties is a fair and reasonable resolution to this action.[1] Although Defendant denies Plaintiff's allegations of wrongdoing, the parties engaged in an arms-length settlement negotiation and eventually agreed upon terms to resolve this dispute. Therefore, the Court approves the parties' settlement agreement.

---

[1] In their consent motion for leave to file settlement agreement under seal, the parties stated that an unredacted copy of the settlement agreement would be submitted to the Court upon request. The Court did so request and has reviewed an unredacted copy of the settlement agreement.

Accordingly, the Court **DENIES** the parties' Consent Motion for Leave to File Settlement Agreement Under Seal (Doc. No. 7); **GRANTS** the parties' Consent Motion for Settlement Approval (Doc. No. 8); **APPROVES** the Settlement Agreement; and **DIRECTS** the Clerk to file on the docket an unsealed copy of the Settlement Agreement, attached as Exhibit A to this order. The Court **DIRECTS** the Clerk to close this case.

**SO ORDERED**, this 21st day of December, 2016.

*Eleanor L. Ross*
Eleanor L. Ross
United States District Judge
Northern District of Georgia

# EXHIBIT A

# SETTLEMENT AGREEMENT AND RELEASE

~~December~~ This Settlement Agreement and Release ("Agreement") is entered into as of ~~November~~ December 9, 2016 by and between GEORGIA LUXURY AUTOMOTIVE, INC. ("Georgia Luxury" or "Defendant"), on the one hand, and MELISSA NOWLIN ("Melissa" or "Plaintiff") and her attorneys, on the other hand. Together, Defendant and Plaintiff are referred to as the "Parties."

## RECITALS

WHEREAS, on or about September 13, 2016, Plaintiff filed a lawsuit captioned *Nowlin v. GA Luxury Automotive, Inc.*, Case No. 1:16-cv-03439-ELR in the U.S. District Court for the Northern District of Georgia against Defendant Georgia Luxury (hereinafter, the "Litigation");

WHEREAS, Plaintiff's Complaint alleges that Defendant failed to pay Plaintiff proper overtime compensation as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA");

WHEREAS, on or about October 20, 2016, Defendant filed its Answer denying the allegations of Plaintiff's Complaint and setting forth its affirmative and other defenses;

WHEREAS, at all times, Defendant has vigorously denied, and continues to deny, any wrongdoing in connection with the claims asserted in the Litigation; and

WHEREAS, the Parties desire to resolve their claims, disputes and disagreements without any admission of liability.

NOW THEREFORE, the Parties, intending to be legally bound, and in consideration of the mutual recitals, covenants and other good and valuable consideration recited herein, the receipt and legal sufficiency of which each party hereby acknowledges, agree as follows:

## SETTLEMENT TERMS

1.  **Payment.** In consideration for signing this Agreement and the fulfillment of the promises contained herein, Defendant shall pay Plaintiff and her counsel a total sum of Nine Thousand Dollars and Zero Cents ($9,000.00) (the "Settlement Payment"). Defendant shall deliver the following checks to Plaintiff's counsel as set forth in this Agreement:

    (a)   One check made payable to Melissa Nowlin, in the gross amount of Two Thousand Dollars and Zero Cents ($2,000.00) less all appropriate taxes and withholdings to represent settlement of Plaintiff's claim(s) for unpaid wages. Defendant will issue an IRS W-2 Form for this amount.

Page 1 of 7

(b) One check made payable to Melissa Nowlin, in the amount of Two Thousand Dollars and Zero Cents ($2,000.00) to represent settlement of her claim(s) for liquidated damages and other non-wage damages. Defendant will issue an IRS Form 1099 for this amount to Plaintiff specifically checking box 3 and designating the payment as "other income."

(c) One check made payable to Melissa Nowlin, in the amount of Five Hundred Dollars and Zero Cents ($500.00) in return for this general release. Defendant will issue an IRS Form 1099 for this amount specifically checking box 3 and designating the payment as "other income."

(d) One check made payable to Charles R. Bridgers LLC, in the amount of Four Thousand Five Hundred Dollars and Zero Cents ($4,500.00) to represent Plaintiff's attorneys' fees and other costs. Defendant will issue an IRS Form 1099 for this amount specifically checking box 3 and designating the payment as "other income."

Plaintiff and her counsel agree to provide Defendant the requisite tax identification numbers and other information, including executed W-9 forms, as requested by Defendant to execute the Settlement Payment.

The Parties acknowledge and agree that they are solely responsible for paying any attorneys' fees and costs they incurred, except as otherwise provided in this Paragraph, and that neither Party nor its attorney(s) will seek any award of attorneys' fees, costs, or other monies from the other Party.

2. **Taxes.** Plaintiff shall be solely responsible for, and is legally bound to make payment of, any taxes determined to be due and owing (including penalties and interest related thereto) to any federal, state, local or regional taxing authority as a result of the Settlement Payment, except that Defendant shall remain liable for the payment to the proper taxing authorities of its own tax liability and for interest and penalties and legal fees for the payment of wages as described in Paragraph 1(a) of this Settlement Agreement and for the amounts withheld from the gross payment of wages as described in Paragraph 1(a) of this Settlement Agreement. Plaintiff agrees to indemnify and hold Defendant harmless with respect to any taxes, interest, penalties, or any other costs or monies related to the Settlement Payment except as stated above. Defendant does not make any warranty or representation to Plaintiff or her counsel regarding the tax consequences of the Settlement Payment—including, but not limited to, the treatment of certain monies as non-wage damages.

3. **Court Approval of Agreement and Dismissal with Prejudice.** The Parties agree that within five (5) days after all Parties have executed this Agreement, they shall file a Joint Motion to Approve Settlement and Dismiss Lawsuit with Prejudice (along with a proposed order). Such Motion shall seek judicial approval of the Agreement and dismissal with prejudice of all of Plaintiff's claims against Defendant. The Parties will cooperate and

take all necessary steps to effectuate final judicial approval of this Agreement and dismissal of this lawsuit. The failure to secure the dismissal of the Litigation *with prejudice*, for whatever reason, will nullify Plaintiff's right to the Settlement Payment.

4. **Timing of Payment:** The checks described in Paragraph No. 1 of this Agreement shall be mailed to Plaintiff's counsel within eight (8) days after the later of settlement approval or Defendant's receipt of the signed release and settlement agreement from Plaintiff, and forms W-9 from Plaintiff and her counsel.

5. **Mutual Release.** In exchange for the consideration described herein, Plaintiff, on behalf of herself and her heirs, successors, agents, and all other related persons or entities, and Defendant, on behalf of itself, and its subsidiary, parent, and successor companies, hereby unconditionally and irrevocably release, remise and forever discharge each other of and from any and all complaints, actions, suits, charges, and any claims for counsel fees and costs, unpaid or withheld wages, severance, demands, costs, losses, benefits, bonuses, or commissions, and/or expenses, of any nature whatsoever, asserted or unasserted, named or unnamed, suspected or unsuspected, which they ever had, now have, or hereafter may have against each other arising out of or relating to Plaintiff's employment relationship with, and/or termination of her employment relationship with, Defendant from the beginning of time through the date of this Agreement, including, without limitation, any and all actions, causes of action, claims for or charges of breach of contract, defamation or other tort, wrongful termination, unpaid compensation, and/or for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, the Rehabilitation Act of 1973, the Civil Rights Act of 1991, the Americans with Disabilities Act of 1990, the Equal Pay Act, the Family and Medical Leave Act of 1993, the Fair Labor Standards Act of 1938, the Employee Retirement Income Security Act of 1974, the Lilly Ledbetter Fair Pay Act of 2009, the Sarbanes-Oxley Act of 2002, all as amended (if applicable), and any other federal, state, local and/or municipal human rights statutes, fair employment statutes, laws and/or regulations pertaining to employment, the termination of employment, or discrimination in employment. It is expressly understood and agreed that the release contained in this Agreement is a general release intended to achieve complete peace between Plaintiff and Defendant as to any and all matters pre-dating the date of this Agreement.

6. **No Outstanding or Known Future Claims/Causes of Action.** Each Party affirms that it has not filed with any governmental agency or court any type of action, report, or complaint against the other Party (other than the Litigation), and currently knows of no existing act or omission by the other Party that may constitute a claim or liability excluded from the release in Paragraph No. 5 above.

7. **No Admission of Liability.** The Parties acknowledge that the Settlement Payment was agreed upon as a compromise and final settlement of disputed claims and that payment of the Settlement Payment is not, and may not be construed as, an admission of liability by Defendant and is not to be construed as an admission that Defendant engaged in any wrongful, tortious or unlawful activity. Defendant specifically disclaims and denies any liability to Plaintiff or that it engaged in any wrongful, tortious or unlawful activity.

8. **Confidentiality of Information.** Employee agrees to maintain the confidentiality of all confidential, proprietary, or trade secret information learned in the course of Employee's actual or alleged employment, prospective employment, separation from, or other work in connection with or related to the Defendants, including without limitation, confidential, proprietary, or trade secret information regarding the Defendants' business operations, plans, clients, financial information, marketing information, or any other information related to the business operations of the Defendants, as well as any information exchanged in this litigation. This paragraph shall not prohibit Employee from responding to a lawful subpoena, court order, or other law or legal proceeding compelling the disclosure of such information, except that Employee shall first provide reasonable notice of such subpoena to the Defendants to give the Defendants a reasonable opportunity to object to such disclosure. This paragraph shall not prohibit Employee from disclosing relevant confidential information to Employee's attorney(s), accountant(s), or tax advisor(s).

9. **Confidentiality of Agreement.** (a) The Parties agree that they will request that the Court allow the terms of this Agreement to remain confidential. Other than as necessary to obtain Court approval of this settlement, Employee and her attorneys agree not to disclose the amount of the Settlement Payment to anyone other than their respective tax advisors, Plaintiff's spouse, or as required by law, nor shall Plaintiff encourage any person or entity to discover the same and/or to bring suit against Defendant or any related party.

(b) In the event the Court does not enforce the provisions of this Agreement contained in Section 9(a), the following provision shall govern the Parties and Plaintiff's counsel: other than through court filings authorized herein: Employee and Employee's Counsel shall not publicize the Agreement, including without limitation, discussing the Agreement or the Lawsuit with any print, radio or television media. The Parties and their counsel may make such disclosures of the Agreement as required by law.

10. **Breach of Confidentiality.** In any action to enforce this Agreement including, but not limited to, any restrictive covenant or confidentiality restriction, the prevailing party shall be awarded reasonable attorneys' fees and costs of litigation. Employee acknowledges that a breach of the confidentiality sections in this Agreement would be severely damaging to Defendants, and that Defendants would not have entered into this Agreement but for Employee's agreement to the confidentiality provisions. Therefore, in the event that the Defendants prove that Employee has violated any of the applicable confidentiality provisions, Defendants shall be entitled to all remedies available at law and in equity to compensate them for the breach(es) and to enjoin any further or threatened breach of this confidentiality provision.

11. **Non-Disparagement.** The Parties agree that, unless required to do so by legal process, Plaintiff and Defendant's officers and directors will not make any disparaging statements or representations, either directly or indirectly, whether orally or in writing, by word or gesture, to any person whatsoever, about the other Party or any of the other Party's its directors, officers, employees, agents or representatives. Defendant shall provide a neutral reference to Plaintiff and shall not disclose the existence of this lawsuit or

Settlement Agreement to any current or prospective employer of Plaintiff. For purposes of this Paragraph, a disparaging statement or representation is any communication which, if publicized to another, would cause or tend to cause the recipient of the communication to question the business condition, integrity, competence, good character or product quality of the person or entity to whom the communication relates. Nothing in this Agreement shall be construed to prevent either party from giving voluntary testimony to anyone in connection with any legal dispute.

**12.** **No Future Employment Relationship between the Parties.** Plaintiff agrees to never seek or accept rehire or employment, either directly, through a temporary agency, or by any other method, with Defendant or its current or affiliated companies (collectively, "Defendant's Companies"). Plaintiff agrees that Defendant's Companies shall have no obligation to engage her services in any capacity (*e.g.*, as an employee, contractor, temporary employee, or consultant) in the future and that any application or request for employment or work may be denied solely based on Plaintiff's breach of this provision of the Agreement.

**13.** **Agreement is Legally Binding.** The Parties intend this Agreement to be legally binding upon and shall inure to the benefit of each of them and their respective successors, assigns, executors, administrators, heirs and estates. Moreover, the persons and entities referred to in Paragraph No. 5 above, but not a Party, are third-party beneficiaries of this Agreement.

**14.** **Entire Agreement.** The recitals set forth at the beginning of this Agreement are incorporated by reference and made a part of this Agreement. This Agreement constitutes the entire agreement and understanding of the Parties and supersedes all prior negotiations and/or agreements, proposed or otherwise, written or oral, concerning the subject matter hereof. Furthermore, no modification of this Agreement shall be binding unless in writing and signed by each of the parties hereto.

**15.** **New or Different Facts: No Effect.** Except as provided herein, this Agreement shall be, and remain, in effect despite any alleged breach of this Agreement or the discovery or existence of any new or additional fact, or any fact different from that which either Party now knows or believes to be true. Notwithstanding the foregoing, nothing in this Agreement shall be construed as, or constitute, a release of any Party's rights to enforce the terms of this Agreement.

**16.** **Interpretation.** Should any provision of this Agreement be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement. The headings within this Agreement are purely for convenience and are not to be used as an aid in interpretation.

**17.** **Governing Law and Choice of Forum.** This Agreement is made and entered into within and shall be governed by, construed, interpreted and enforced in accordance with the laws of the State of Georgia, without regard to the principles of conflicts of laws. Any action to enforce this Agreement shall be brought only in a proper state or federal court within the State of Georgia.

**18.** **Reliance on Own Counsel.** In entering into this Agreement, the Parties acknowledge that they have relied upon the legal advice of their respective attorneys, who are the attorneys of their own choosing, that such terms are fully understood and voluntarily accepted by them, and that, other than the consideration set forth herein, no promises or representations of any kind have been made to them by the other Party. The Parties represent and acknowledge that in executing this Agreement they did not rely, and have not relied, upon any representation or statement, whether oral or written, made by the other Party or by that other Party's agents, representatives or attorneys with regard to the subject matter, basis or effect of this Agreement or otherwise.

**19.** **Counterparts.** This Agreement may be executed by the Parties in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

**20.** **Drafting.** The Parties agree that they jointly have agreed to the terms and language used herein and that no ambiguity will be construed against any party for having "drafted" this Agreement.

**21.** **Authority to Execute Agreement.** By signing below, each Party warrants and represents that the person signing this Agreement on its behalf has authority to bind that Party and that the Party's execution of this Agreement is not in violation of any by-law, covenants and/or other restrictions placed upon them by their respective entities.

**22.** **Facsimile/Electronic Signatures.** Execution delivered by facsimile or electronic mail to the Parties' counsel of record shall be deemed effective as if executed in original.

**AGREED TO WITH INTENT TO BE LEGALLY BOUND.**

**[SIGNATURES ON THE FOLLOWING PAGE]**

| MELISSA NOWLIN | GEORGIA LUXURY AUTOMOTIVE, INC. |
|---|---|
| Signature: *Melissa Nowlin* | Signature: *[signature]* |
| Date: 12/4/16 | By (Print): Zachary Kafaei |
| As to Paragraph 9, only: *[signatures]* Charles R. Bridgers and Mitchell D. Benjamin, individually and for Charles R. Bridgers, LLC and for DeLong, Caldwell, Bridgers, Fitzpatrick & Benjamin, LLC. | Title: Owner |
| | Date: 12/05/16 |